Honorable Steve Vossmeyer State Representative, District 86 Room 412, Capitol Building Jefferson City, Missouri 65101
Dear Representative Vossmeyer:
This opinion letter is being issued in response to your request for a ruling on the following question:
 Does Section 43.180, RSMo 1969, authorize the Missouri State Highway Patrol to investigate criminal activities even though not requested to do so by the sheriff of a county or by the chief of police of a city?
Section 43.180, RSMo, provides:
 "The members of the state highway patrol, with the exception of the director of radio and radio personnel, shall have full power and authority as now or hereafter vested by law in peace officers when working with and at the special request of the sheriff of any county, or the chief of police of any city, or under the direction of the superintendent of the state highway patrol, or in the arrest of anyone violating any law in their presence or in the apprehension and arrest of any fugitive from justice on any felony violation. The members of the state highway patrol shall have full power and authority to make investigations connected with any crime of any nature. The expense for the patrol's operation under this section shall be paid monthly by the state treasurer chargeable to the general revenue fund, provided, however, the amount appropriated from the general revenue fund shall not exceed ten percent of the total amount appropriated for the Missouri state highway patrol."
It is our conclusion, based on the foregoing, that a member of the Missouri Highway Patrol is authorized to investigate alleged crimes even if not requested to do so by a county sheriff or a city chief of police.
Section 43.180, RSMo, states that a Missouri Highway Patrolman shall have all powers vested in police officers of this state when working with or at the request of a county sheriff or a city chief of police, or under the direction of the superintendent ofthe State Highway Patrol. This provision is phrased in the disjunctive. Hence, any Highway Patrol member acting solely under the direction of the superintendent of the Highway Patrol has full police authority. He need not always be working in conjunction with or at the request of a county sheriff or a city chief of police. To insure that there was no mistake as to the perimeters of the Highway Patrol's authority under this provision, the legislature in Section 43.180, RSMo, specifically provides that the Highway Patrol shall have full authority to investigate "any crime of any nature."
This power of the State Highway Patrol to investigate criminal activities was referred to by the Missouri Supreme Court in State v. Campbell, 262 S.W.2d 5 (Mo. 1953). In that case, a private citizen notified the Highway Patrol that certain property had been stolen from his truck. The Highway Patrol investigated the complaint and eventually arrested Campbell. At no time during the investigation and arrest did the Highway Patrol act in concert with or at the request of any local law enforcement official. The Missouri Supreme Court's decision fully recognized the Highway Patrol's authority to make such an independent investigation. The Court, in fact, noted that the Highway Patrol was required to investigate criminal activities that came to their attention and to act upon any information which they might gather. State v. Campbell, supra, at 8.
It is, therefore, our view that the Missouri State Highway Patrol has full authority to investigate criminal activity even though not requested to do so by a county sheriff or a city chief of police.
Very truly yours,
 JOHN C. DANFORTH Attorney General